# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brenda Calloway Colvin,<br><br>Plaintiff,<br><br>v.<br><br>Parker's Lake Apartments,[1]<br><br>Defendants. | Case No. 0:19-cv-1045-SRN-DTS<br><br>**ORDER** |

Brenda Calloway Colvin, 15390 18th Avenue, #1112, Plymouth, MN 55447, pro se.

Brittany B. Skemp, Laurel J. Pugh, and Robin Ann Williams, Bassford Remele, 100 S. 5th St., Ste. 1500, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Brenda Calloway Colvin's Motion to Reconsider the Court's June 28, 2019 Order and for an Extension of Time [Doc. No. 60], and her Motion for Relief from Judgment [Doc. No. 66]. For the reasons set forth below, Plaintiff's motions are denied and denied as moot.

## I. BACKGROUND

The facts of this case are set forth in the Court's June 28, 2019 Order [Doc. No. 59] ("the Order"), incorporated by reference here. In brief, Plaintiff Brenda Colvin first applied for an apartment at Parkers Lake Apartments ("Parkers Lake") in March 2018.

---

[1] The legal entities doing business as Parkers Lake Apartments are TPAF I Parkers Lake, LLC, and Timberland Parkers Lake, LLP. (R&R [Doc. No. 52] at 1 n.1.) Defendants refer to themselves collectively as "Parkers Lake." (*Id.*)

(Order at 2.) Prior to applying, Colvin informed the Parkers Lake manager that she had credit concerns and was attempting to expunge a prior eviction. (*Id.*) Because the prior eviction appeared on her housing records, Parkers Lake's automated tenant screening software initially recommended the denial of Colvin's rental application. (*Id.*) After the apartment's management company, Timberland Partners, gave her application additional consideration, it was denied. (*Id.*)

In May 2018, Colvin successfully expunged her prior eviction, and she reapplied to Parkers Lake. (*Id.*) In June 2018, Parkers Lake approved Colvin's application for the rental of Unit 1112, with a nine-month lease of $2,085 per month. (*Id.* at 3.) Colvin signed a lease agreement, (*id.*) and she and her children moved in.

Between June 2018 through at least January 2019, Plaintiff reported problems with the refrigerator in her unit. (Skemp Decl., Ex. 2 (Myss Decl.) ¶ 12 [Doc. No. 39-1].) Defendants' records reflect that they responded to her complaints. (*Id.*) In December 2018, Colvin filed an administrative complaint with the Department of Housing and Urban Development ("HUD") concerning much of the conduct at issue here, including the alleged inadequacy of Parkers Lake's response to her maintenance requests. (R&R [Doc. No. 52] at 3 n.4.) Eventually, Defendants replaced the refrigerator in March 2019, after a police officer who had been in Plaintiff's apartment contacted the Parkers Lake management office, expressing concern about Colvin's children, who were without a functioning refrigerator. (Skemp Decl., Ex. 2 (Myss Decl. ¶ 13).)

In January 2019, Parkers Lake required Colvin to pay all future rent with a money order or cashier's check, or a form otherwise approved by Parkers Lake, stating that two

of Colvin's rent checks had been returned for insufficient funds. (*Id.* ¶ 14.) Parkers Lake subsequently commenced eviction proceedings against Colvin in Minnesota state court, asserting that she owed $7,502.67 in past-due rent, fees, and other charges. (R&R at 3.) On May 20, 2019, the state court entered judgment for Parkers Lake, but stayed the issuance of a Writ of Recovery of Premises until May 27, 2019. (*Id.*)

As eviction proceedings were underway, Colvin filed the instant suit on April 16, 2019. She alleges violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, generally asserting that she received disparate treatment due to race and familial status. (Second Am. Compl. [Doc. No. 6] ¶¶ 3, 14–17.) She then filed several motions, including the motion for injunctive relief [Doc. No. 17].

Magistrate Judge Schultz found that although Colvin sufficiently demonstrated the threat of irreparable harm absent the issuance of an injunction, she failed to show that she was likely to succeed on the merits of her FHA disparate treatment claim. (R&R at 5–6.) Accordingly, he recommended the denial of her motion for injunctive relief.

Colvin objected to the R&R, arguing that the magistrate judge failed to consider alternative forms of relief, her mental health, and Defendants' timeline of repairs. (Pl.'s Objs. [Doc. No. 53] at 12.) In the Order, the Court addressed Colvin's objections to the R&R. The Court found that the magistrate judge properly considered the issues that formed the basis of her objections, as well as the factors necessary to obtain injunctive relief. (Order at 5–10.) The Court therefore overruled Colvin's objections and adopted the R&R. (*Id.* at 10.)

On July 12, 2019, Colvin filed the pending Motion to Reconsider and for an Extension of Time, requesting reconsideration of the Order, as well as additional time in which to submit evidence. Five days later, she filed the pending Motion for Relief from Judgment, along with additional evidence. Defendants oppose her motions, arguing that Colvin does not appear to have obtained the Court's permission to move for reconsideration, and the newly submitted evidence was previously available to Colvin when she filed her motion for injunctive relief. (Defs.' Opp'n to Pl.'s Mots. [Doc. No. 70] at 1.) In addition, Defendants assert that the evidence in question is not relevant to Colvin's allegations that Parkers Lake discriminated against her in violation of the Fair Housing Act. (*Id.* at 2.)

## II. DISCUSSION

The Local Rules of this Court require parties to seek permission, and demonstrate compelling circumstances, prior to moving for reconsideration of a prior ruling. D. Minn. L.R. 7.1(j). Although Colvin did not obtain permission to seek reconsideration, and is advised to follow the Local Rules in the future, the Court will consider the merits of her motions.

Plaintiff's two motions are interrelated. Although she captions her second motion as a "Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)," it essentially supplements her earlier motion for reconsideration and provides additional argument. (*See* Pl.'s Mot. for Relief at 2–6.) As to the procedural basis for her motions, Colvin appears to conflate the analysis applicable to a motion for injunctive relief, in which one of the factors that courts consider is the movant's likelihood of success on the merits, with an ultimate

4

ruling on her case. In her Motion for Relief from Judgment, she asks for "a new trial under Fed. R. Civ. P. 59(b) that was without the presence of a jury." (*Id.* at 2.)

When a motion for injunctive relief is filed in the early stages of a lawsuit, as it was here, one of the four factors that courts must evaluate is the likelihood of success on the merits. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 n.1 (8th Cir. 1981). A court's assessment of that factor is not a final ruling. Rather, the court merely considers the "likelihood" of success on the merits. The usual progression of a case, after pleadings have been filed, includes an initial pretrial management conference, discovery, pretrial discovery motions, dispositive motions, and, if genuine issues of material fact remain in dispute, trial. The Court's denial of Colvin's motion for injunctive relief did not alter that typical progression.

In the Motion for Reconsideration, Colvin seeks permission to file supplemental evidence in advance of the parties' July 23, 2019 pretrial conference. (Pl.'s Mem. in Supp. Reconsider. [Doc. No. 61].) Although Colvin refers to "new evidence," the evidence in question appears to have existed prior to the filing of Colvin's motion for injunctive relief, and thus could have been submitted in connection with that motion. In any event, Colvin submitted the evidence on July 17, 2019, in support of her Motion for Relief from Judgment, and therefore, her request for an extension of time in which to file this evidence has been rendered moot. In addition, the Pretrial Scheduling Order [Doc. No. 76], which sets forth the parties' discovery deadlines, is now in place. And to the extent that Colvin broadly seeks reconsideration of the Order, her motion is denied, as she fails to identify any basis for relief, other than her request to submit the additional evidence.

Colvin's second motion, the Motion for Relief from Judgment, also seeks reconsideration of the Court's denial of injunctive relief. As noted above, Colvin submits two, single page exhibits in connection with this motion. Exhibit 1 is a portion of a Minnesota Department of Human Services' "Out of Home Placement Plan" that identifies the steps necessary for Colvin's children to be returned to her custody. (Pl.'s Ex. 1 [Doc. No. 68 at 1].) Among the steps, Colvin is to "maintain safe and suitable housing." (*Id.*) Exhibit 2 is the first page of a 27-page Child Protection Services' "Chronology Summary" regarding child protection allegations against Colvin. (Pl.'s Ex. 2 [Doc. No. 68 at 2].) The document states that on March 26, 2019, an officer performed a well-child check on Plaintiff's children and found two unattended children at home with a non-functioning refrigerator and no food, except for four partial gallons of spoiled milk. (*Id.*)

As to Exhibit 1, which sets forth the criteria for Colvin to reobtain custody of her children, the Court does not find this relevant to the housing discrimination claim at issue here. Even if the Court presumes that Exhibit 1 is perhaps related to Colvin's objection that the magistrate judge should have considered the policies behind the Fair Housing Act, the Court sees no reason to alter its prior ruling. In the Order, the Court found this factor to be neutral, stating, "[j]ust as tenants have an important public policy interest in fair housing practices, landlords have an important public policy interest in the enforcement of leases and housing orders." (Order at 6.) This document may be more relevant to Colvin's claims in another suit in this District, *Colvin v. Plymouth Police Dep't*, 19-cv-883 (DSD/BRT), in which Colvin alleges constitutional violations stemming from the removal

of her children from her home.  This exhibit does not alter the Court's prior ruling in the Order.

Assuming that Exhibit 2 is relevant to Colvin's ground of objection concerning the timeline of repairs, it also does not alter the Court's analysis of the factors necessary for obtaining injunctive relief, or the Court's conclusions.  And, as the Court observed in the Order, the magistrate judge did consider the alleged actions of Parkers Lake in "ignoring maintenance requests."  (Order at 9) (citing R&R at 6–7.)  This exhibit does not alter the Court's prior ruling.

In addition, to the extent that Colvin requests "a new trial," or "relief from judgment," in her Motion for Relief from Judgment, her request is also moot, as there has been no trial, no final ruling on her claims, nor final judgment. Accordingly, Plaintiff's motions are denied.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Reconsider the Court's June 28, 2019 Order and for an Extension of Time to Submit Evidence [Doc. No. 60] is **DENIED and DENIED AS MOOT**; and

2. Plaintiff's Motion for Relief from Judgment [Doc. No. 66] is **DENIED and DENIED AS MOOT**.

Dated:  October 29, 2019                                          s/Susan Richard Nelson
                                                                                 SUSAN RICHARD NELSON
                                                                                 United States District Judge