UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brenda Colvin,                              NO. 19-cv-1045 (SRN/DTS)

      Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

Parker's Lake Apartments,

      Defendants.

---

Brenda Colvin, 15235 18th Avenue North #207, Plymouth, Minnesota 55447, *pro se* Plaintiff.

Laurel J. Pugh, and Robin Ann Williams, Abriter PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota 55401, for Defendant.

---

## INTRODUCTION

Plaintiff Brenda Colvin filed the present lawsuit against Parkers Lake Apartments,[1] alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* Parkers Lake moved for summary judgment, but Colvin has not responded. Accordingly, the Court recommends this action be dismissed for Colvin's failure to prosecute.

## FINDINGS OF FACT

Colvin filed this lawsuit in April 2019. Compl., Dkt. No. 1. She subsequently filed two amended complaints in quick succession. Am. Compl., Dkt. No. 5; Final Am. Compl., Dkt. No. 6. Colvin also requested a preliminary injunction, as Parkers Lake had

---

[1] The legal entities doing business as Parkers Lake Apartments are TPAF I Parkers Lake, LLC, and Timberland Parkers Lake, LLP. Answer to Pl.'s Final Am. Compl. 1, Dkt. No. 37. The Defendants have waived service and any defenses alleging improper service, and refer to themselves collectively as Parkers Lake. *Id.* For consistency, the Court shall do the same.

commenced an eviction action in state court. Mot. for Prelim. Inj., Dkt. Nos. 17, 42. Parkers Lake answered Colvin's Final Amended Complaint, Answer, Dkt. No. 37, and opposed her motion for a preliminary injunction, Mem. Resp. Pl.'s Mot. Inj. Relief, Dkt. No. 26. This Court recommended that Colvin's requested preliminary injunction be denied. R&R, June 14, 2019, Dkt. No. 52. Over Colvin's objections, the District Court adopted the R&R, Order, June 28, 2019, Dkt. No. 59, and subsequently denied motions Colvin filed seeking reconsideration and "relief from judgment." [2] Order, Oct. 29, 2019, Dkt. No. 79.

Following this initial flurry of activity, Colvin has not moved forward with the litigation. In July 2019, after the District Court denied Colvin's request for a preliminary injunction, this Court issued a scheduling order, setting the close of fact discovery for November 29, 2019. Pretrial Scheduling Order 2, Dkt. No. 76. On February 28, 2020, Parkers Lake moved for summary judgment. Def.'s Mot. Summ. J., Dkt. No. 87. In her declaration in support of that motion, defense counsel states Colvin neither served initial disclosures nor responded to discovery requests Parkers Lake propounded during discovery. Decl. of Robin Ann Williams ¶ 3, Dkt. No. 85. Since Parkers Lake filed its motion in late February, Colvin has not filed a response or otherwise contacted the Court.

## CONCLUSIONS OF LAW

Because Colvin failed to respond to Parkers Lake's dispositive motion, the Court will not reach the merits of that motion. However, this action should be dismissed without prejudice for Colvin's failure to prosecute.

---

[2] Colvin also sought, and was granted, permission to use the electronic filing system in this action. Clerk's Notice, Sept. 19, 2019, Dkt. No. 78.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Unless stated in the order, dismissal under 41(b) is with prejudice. Fed. R. Civ. P. 41(b). The Eighth Circuit has cautioned against dismissing a claim with prejudice under Rule 41(b) unless there has been "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984). Instead, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). However, prior admonition or warning is not required before dismissal. *Id.*

Colvin's conduct—or lack thereof—warrants dismissal under Rule 41(b). Since the District Court denied her early motions, Colvin has apparently abandoned the action. She failed to comply with her discovery obligations (and apparently did not propound any discovery herself). Despite receiving permission to use e-filing, she has not responded to Parkers Lake's summary judgment motion or otherwise contacted the Court to explain why she could not timely respond. Parkers Lake need not live with the specter of this litigation looming over it indefinitely.

Still, this Court declines Parkers Lake's invitation to dismiss the action with prejudice. Although Colvin assumed certain obligations when she filed her lawsuit, she may have good reasons for her failure to prosecute. After the District Court denied Colvin's requested injunction, the Hennepin County Sheriff executed a writ of recovery for her apartment. Williams Decl. ¶ 2. It is unclear whether Colvin has found reliable

housing since then. Because Colvin may currently face real barriers to communicating with the Court and because she has not otherwise demonstrated a pattern of vexatious litigation against Parkers Lake, dismissal without prejudice more appropriately balances the Defendant's interests and the Court's need to control its docket with Colvin's access to justice. *See Hunt*, 203 F.3d at 527.

## RECOMMENDAITON

For the reasons set forth above, the Court RECOMMENDS THAT:

      1.    Defendant Parkers Lake Apartment's Motion for Summary Judgment [Dkt. No. 87] be DENIED AS MOOT.

      2.    This action be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b).


Dated: July 10, 2020                  s/David T. Schultz
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge


## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).